**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

THOMAS DWAYNE WHITE,              :
                                       Civil Action No. 10-5807 (RMB)
        Petitioner,       :

        v.                :        **O P I N I O N**

UNITED STATES OF AMERICA, :

        Respondent.       :

**APPEARANCES:**

Thomas Dwayne White, <u>Pro Se</u>
#09671-017
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

    Petitioner Thomas Dwayne White, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, submitted a petition for a writ of *audita querela*, under the All Writs Act, 28 U.S.C. § 1651.  Because this Court lacks jurisdiction to consider this petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition.

## BACKGROUND

    According to the petition, on January 4, 1993, Petitioner was sentenced in the United States District Court, Northern District of Florida, to 200 months imprisonment for assault with

a firearm and attempting to rob a "person having lawful custody of United States mail," followed by a consecutive 60-month sentence for use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c).

Petitioner's sentence was affirmed by the Court of Appeals for the Eleventh Circuit on April 25, 1994.  On January 17, 2001, Petitioner filed a motion to modify his sentence, which was denied on January 13, 2002, with the denial affirmed by the Eleventh Circuit on September 19, 2002.

On September 30, 2009, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court, which was dismissed as untimely.

On February 1, 2010, Petitioner filed in this District Court a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  This Court dismissed the petition for lack of jurisdiction on March 19, 2010.  See White v. Zickefoose, 10-0548 (RMB).

Meanwhile, on February 10, 2010, Petitioner filed for a certificate of appealability in the Eleventh Circuit, which was denied on May 7, 2010.  On June 29, 2010, the Eleventh Circuit denied Petitioner's motion for reconsideration.

On November 9, 2010, Petitioner filed this Petition for a Writ of *Audita Querela*.  Petitioner argues that the prosecutor in his 1992 criminal trial committed "serious glaring misconduct" by intentionally withholding evidence.

2

**DISCUSSION**

In Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009), cert. denied, 130 S. Ct. 2426 (May 3, 2010), the Court of Appeals for the Third Circuit held that a writ of *audita querela* is unavailable to a petitioner whose claim is cognizable under § 2255. The Third Circuit explained:

> "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. The common law writ of *audita querela* permitted a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." United States v. Ayala, 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2867, at 235 (1973)). Historically, *audita querela* existed as a remedy primarily for judgment debtors. Id.
>
> While the writ of *audita querela* has been abolished in civil cases, see Fed. R. Civ. P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). See also United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).
>
> A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. The District Court correctly held that Massey may not seek relief via a petition for

> a writ of *audita querela* because his claim is cognizable under § 2255. There is no gap to fill in the post-conviction remedies. Massey may not seek relief through a petition for a writ of *audita querela* on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. See Valdez-Pacheco, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs"). See also United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (stating that a prisoner may not resort to a writ of *coram nobis* merely because he cannot meet AEDPA's gatekeeping requirements).

Massey, 581 F.3d at 174 (internal footnotes omitted).

Here, as stated in this Court's Opinion in Petitioner's previously filed action, a motion filed pursuant to § 2255 is the exclusive remedy for an individual seeking to vacate his federal conviction or sentence. Petitioner's attempts at relitigating his criminal case have been presented to the sentencing court and the Eleventh Circuit, and have been denied. In accordance with Massey, as quoted above, Petitioner cannot now relitigate his criminal case through a writ of *audita querela*.

This Court notes that whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, Petitioner does not assert any grounds for relief justifying authorization to file a

second or successive § 2255 motion. This Court notes that Petitioner previously filed a § 2255 motion, as well as various other actions in the sentencing court and court of appeals, which were also denied. Thus, it does not appear that transfer would be in the interest of justice. However, the Court notes that Petitioner is free to move for authorization to file a second or successive § 2255 motion in the Eleventh Circuit if he so desires.

## CONCLUSION

For the reasons set forth above, this action will be dismissed. An appropriate order follows.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: July 12, 2011

5